GORDON, EXRX., ET AL., *v.* HOLLY WOODS ACRES, INC., ET AL.

[Cite as Gordon, Exrx., v. Holly Woods Acres, Inc., 6 Ohio Misc. 217.]

(No. A193711—Decided October 7, 1964.)

ACTION ON CONTRACT: Common Pleas Court, Hamilton County.

*Messrs. Goodman & Goodman, Mr. Sol Goodman* and *Messrs. Davies & Hirschfeld,* for plaintiff.
*Messrs. Lester & Riedinger* and *Mr. Harry T. Klusmeier,* for defendants.

KOHNEN, J. The plaintiff's claim is based upon a written agreement entered into between J. Julian Bowman and Albert D. Gordon, dated October 2, 1952. The agreement concerns the purchase and development of a tract of land approximating 107 acres, situated in Ft. Thomas, Campbell County, Kentucky. It was agreed that Albert Gordon would give his time and attention to the development of this tract of land and that J. Julian Bowman would ''be entitled to the gross proceeds of all sales

hereafter until he shall have recovered the full amount paid by him toward the purchase of said real estate, including principal, interest, real estate taxes, expenses and carrying charges of every kind pertaining to this development only." It was further agreed that after Mr. Bowman had been paid the purchase price of the tract and expenses, the proceeds from all sales thereafter be divided between Mr. Gordon and Mr. Bowman equally until the entire 107-acre tract was sold.

On January 15, 1953, J. Julian Bowman transferred to Holly Woods Acres, Inc., a corporation previously formed, the tract of land and made an assignment to this corporation of the contract between Gordon and himself.

Albert Gordon died December 18, 1958, leaving his widow, Virginia R. Gordon, as the sole surviving heir at law under the terms of his last will and testament. She was named and qualified as the executrix of his estate, which was completely probated in Hamilton County Probate Court, and the assets distributed to the widow, Virginia R. Gordon as sole surviving heir and pursuant to the terms of Albert Gordon's last will and testament.

Item 4 of the agreement before us here, reads as follows:

"4. This agreement shall inure to the benefit of and be binding upon the respective parties hereto, their heirs, executors and assigns."

Between October 2, 1952, and December 18, 1958 (date of the death of Gordon)—he performed services in developing the tract of land—negotiating sales and was in the process of negotiating with Colonial Stores. At this point a substantial portion of the contract had been completed. Mrs. Gordon continued these negotiations, completed the sale to Colonial Stores, which resulted in payment from this sale to Mr. Bowman, the sum of $105,000.00.

Mrs. Gordon claims that she is entitled to one-half of the amount left after the purchase price for the land and the expenses have been paid to Mr. Bowman. As stated, Mrs. Gordon is the sole devisee and legatee of the net estate of Albert D. Gordon, deceased.

In support of this area of plaintiff's claim, the plaintiff cites to this court, *Virginia R. Gordon* v. *Holly Woods Acres, Inc., et al.*, Nos. 15292, 15369, 15408, decided March 2, 1964, by the Unit-

ed States Court of Appeals for the Sixth Circuit. On page 3 appears the following:

"For some two years after her husband's death, Mrs. Gordon continued acting under the contract by devoting her time and efforts to the development and sale of the property. Holly Woods Acres, Inc., and Mr. Bowman accepted her services."

The defendants by their amended answer, admit and deny in sixteen parts, the allegations set out in the plaintiff's petition.

Among other things, the defendants contend that Virginia R. Gordon is not now the executrix of the estate of Albert D. Gordon, because said estate is fully closed. Contending further, that the division of the net sale proceeds, in addition to all costs, expenses, etc., as set out in the agreement, should include "the defendant corporation's obligations," further asserting that up to his death, Mr. Gordon was paid all moneys due pursuant to the contract. The defendants also contend that under this agreement, the personal services of Albert D. Gordon were relied upon, and that regardless of what Mrs. Virginia Gordon did, or might do concerning the performance of her husband's duty under this contract, was and would be in the most part not valid because she was not licensed to sell real estate in Kentucky.

The court heard and considered the testimony of the witnesses, the exhibits, the arguments of counsel, the briefs furnished by the parties, and the pleadings. The court also read and reviewed the complete record in this case, including the record in the Federal Court, Eastern District of Kentucky, the United States Federal Court of Appeals, Sixth District, and the rulings of those courts. It would serve no purpose for the court here to review these previous proceedings.

When this litigation was originally commenced between the parties hereto, Virginia R. Gordon was the duly qualified and acting executrix of the estate of Albert Gordon, deceased, and is his sole devisee and legatee.

From the evidence in the case the court finds that the appointment of a commissioner, sought by plaintiffs, is unwarranted.

Considering these issues:

1. Is this contract binding to the extent that Virginia R. Gordon as executrix and sole devisee and legatee under Gordon's will, entitled to receive the net proceeds which would have

been due her deceased husband, Albert Gordon, under the contract?

2. Should plaintiff's motion now to reinstate or make Virginia R. Gordon, individually, a party plaintiff be well taken?

3. What amount of money, if any, is now due Virginia R. Gordon individually, as executrix or sole devisee and legatee, and what was the intention of the parties as to the expenses to be deducted by the defendant before the division is made as provided under the contract?

The court carefully read and reviewed the legal authorities submitted by counsel, including Sections 2307.191 and 2309.58, Revised Code, concerning the authority of the court in the furtherance of justice, to make parties of interest part of the proceedings, and not "substantially change claim or defense."

Neither the 14th Amendment to the Constitution of the United States, nor the criminal sections of the Kentucky Revised Statutes, Section 324.990, apply here.

Plaintiff's exhibits consisting of communications between attorneys for the parties, Exhibit 2-6, bring into focus the efforts made by the parties concerning "assignment of the interest of Albert Gordon to Virginia R. Gordon."

It is indisputable that after the death of Albert Gordon, his widow, Virginia R. Gordon, for a considerable length of time, with the knowledge and consent of all the parties, as executrix and as sole devisee and legatee of her husband's estate, extended her efforts and time to the development and sale of the tract of land.

Ruling on the issues as they appear, this court finds from the evidence, that the contract in evidence, marked Exhibit 1, is a binding contract and that Virginia R. Gordon as sole heir, devisee and legatee, is entitled to her distributive share which appears from the evidence to be $15,000.00, with interest from February 10, 1961, which consists of $6,000.00 from the Colonial sale and one-half, or $9,000, of the amount deposited in the escrow account.

The court finds that the plaintiff's motion to make Virginia R. Gordon, individually, party plaintiff, is well taken and is granted.

The court further finds that the expenses that directly apply to the sale of said property, such as interest and real estate

taxes, be deducted and that an amount equal to one-half of all the net proceeds realized under the sale of all the undisposed lots be paid to Virginia R. Gordon, executrix, devisee and legatee under the will of Albert D. Gordon, deceased.

Judgment for the plaintiff in the amount of $15,000.00 plus interest from February 10, 1961, and for one-half of the proceeds of the net sales of the undisposed lots.

The costs of these proceedings are to be paid by the defendants.

*Judgment accordingly.*